# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Winona Shore | Case No. 13-cv-644 |
|     Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Bayside Recovery Service, Inc. | |
|     Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Winona Shore, ("Winona"), is a consumer who resided in Cedar Vale, Kansas.

2. Defendant, Bayside Recovery Service, Inc., ("BRS"), is an Alabama Corporation that maintained its principal place of business in Daphne, Alabama, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(a) and (b), venue is proper because Defendant BRS resides in the Southern District of Alabama and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

5. At all times relevant to this action, BRS collected consumer debts.

6. BRS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of BRS's revenue is debt collection.

8. BRS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, BRS contacted Winona to collect a debt that was incurred primarily for personal, family, or household purposes – to wit a "THOUSAND TRAILS SERVICES" related debt.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Winona is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. In July 2013, Winona received a written communications from BRS in connection with the collection of the debt dated 07/17/2013.

13. A letter dated 07/17/2013 stated, "The total due to our client, THOUSAND TRAILS SERVICES is $7223.97 and stated "Delivered by Federal Mail carrier" See Exhibit A.

14. In August 2013, Winona received another written communication from BRS dated 08/19/2013. See Exhibit B.

15. The letter stated, "If balance is not received in said 10 days your account will be forwarded to our prelegal department to make a determination as to the steps needed to collect this balance per the contracts you signed and agreed to at the time of purchase."

16. The letters were form collection letters in which the name, address, creditor and amount of debt "fields" are filled with capital letters for Plaintiff and Class members respectively.

17. The 08/19/13 letter also stated, "Bayside is a credit reporting agency".

18. The letter also stated, "DELIVERED BY FEDERAL MAIL CARRIER".

19. This letter frightened Winona because she thought a lawsuit was going to be filed against her, so Winona contacted BRS in an attempt to make payment arrangements.

20. During this communication, BRS was rude and spoke over Winona when she attempted to speak.

21. Winona could not agree to the payment arrangement BRS demanded, so BRS threatened Winona by telling Winona BRS would contact the original creditor about pursuing a lawsuit.

22. Around December 4, 2013, BRS contacted Winona and informed Winona that BRS was filing a lawsuit against Winona and she would be responsible for court costs and attorney fees.

23. BRS has not filed a lawsuit against Winona.

24. BRS never intended to file a lawsuit against Winona.

25. BRS caused Winona severe emotional distress.

26. BRS has a history of making false threats to file lawsuits as a collection tactic.

27. BRS does not have a legal department that files lawsuits.

28. On April 6, 2009, Judgment was entered against Bayside Recovery Service, Inc., and in favor of Timothy Anderson and Amanda Anderson. (*Anderson, et. al. v. Bayside Recovery Service Inc.*, 08-cv-640 S.D. Ala.)

29. The agent/employee of BRS threatened Amanda Anderson by stating "tell your husband that if he ever terminates a call from me again, I will not work with you, I will just sue you!"

30. The agent/employee of BRS was extremely rude, and every time Mr. Anderson attempted to explain his situation, the agent/employee cut him off by talking loudly over him and threatening to "take him to court."

31. The agent/employee of BRS told Mr. Anderson that "if we can't do something right now" he would use the legal system. The agent/employee also told Mr. Anderson that he would garnish his wages.

32. BRS has a history of noncompliance with the FDCPA.

33. BRS has a pattern and practice of making threats of action that is not intended to be taken – misleading threats to file lawsuits.

34. BRS uses form letters that refer to a "pre-legal department" and these form letters violate the FDCPA. 15 U.S.C. 1692e(3) and 15 U.S.C. 1692e(5). See Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097 (1988).

35. BRS also uses a form letter that violates 15 USC § 1692e(16) by stating that it is a "credit reporting agency".

36. BRS also uses a form letter that violates 15 USC § 1692e(1) and 15 USC § 1692e(9) by stating that it is "DELIVERED BY FEDERAL MAIL CARRIER".

**CLASS ALLEGATIONS**

37. Plaintiff bring this case against Defendant as a class action pursuant to 15 U.S.C. 1692k(a)(2)(B).

38. This case meets the requirements of Rule 23(a) and Rule 23(b)(3).

39. The class meets the numerosity requirements.  Numerosity is evidenced by the fact that BRS sends form collection letters on behalf of a large consumer services commercial client "Thousand Trails Services", which is part of one of the largest RV campground networks in the United States. See *Rawson v. Source Receivables Mgmt*., LLC, 289 F.R.D. 267, 269 (N.D. Ill. 2013)(holding numerosity can be inferred based on the fact that the dunning letter

is, on its face, a form letter); See, e.g., *Jenkins v. Palisades Acquisition XVI, LLC*, 2009 U.S.

Dist. LEXIS 28627, *5 (N.D. Ill. 2009); *Quiroz v. Revenue Prod. Mgmt.*, 252 F.R.D. 438,

441 (N.D. Ill. 2008); *Chapman v. Worldwide Asset Mgmt, LLC*, 04 C 7625, 2005 U.S. Dist.

LEXIS 18881, 2005 WL 2171168, (N.D. Ill. Aug. 30, 2005); *Seidat v. Allied Interstate Inc*.,

03 C 0975, 2003 U.S. Dist. LEXIS 10413, 2003 WL 21468625 (N.D. Ill. Jun. 19, 2003);

*Smith v. Short Term Loans, L.L.C.,* 99 C 1288, 2001 U.S. Dist. LEXIS 1554, 2001 WL

127303 (N.D. Ill. Feb. 14, 2001).

40. This case meets the commonality requirement. "Common nuclei of fact are typically

manifest where . . . defendants have engaged in standardized conduct towards members of

the proposed class by mailing them allegedly illegal form letters or documents." *Keele v.*

*Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (class action certified under Fair Debt Collection

Practices Act ("FDCPA")).

41. This case meets the typicality requirement. Plaintiff's interests are aligned with the proposed

class so as to stand in their shoes for the purposes of the litigation and bind them in a

judgment on the merits. Typicality has been found when the claims arise from the same

alleged pattern or practice of collection conduct involving form collection letters. See

*Klewinowski v. MFP, Inc.,* 2013 U.S. Dist. LEXIS 130591, *6-7 (M.D. Fla. 2013).

42. This case meets the adequacy requirement. Plaintiff has no interests antagonistic to those of

the rest of the class and Plaintiff's counsel are experienced in class action and FDCPA

litigation and are able to conduct the proposed litigation.

43. This case meets the Rule 23(b)(3) predominance requirement because the common question

to be decided is whether the form letters sent to Class members violate the FDCPA.

44. This case meets the Rule 23(b)(3) superiority requirement. Class actions are contemplated in FDCPA actions by 15 U.S.C. 1692k(a)(2)(B). Courts have found class actions as a superior form of adjudication for FDCPA cases. See *Lewis v. ARS Nat'l Servs.*, 2011 U.S. Dist. LEXIS 100139, *15-16 (M.D. Ala. 2011)

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act on Behalf of Plaintiff Individually**

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act on Behalf on a Class Basis**

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

48. BRS violated U.S.C. 1692e(3) and 15 U.S.C. 1692e(5) by sending form letters that refer to a "pre-legal department".

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act on Behalf on a Class Basis**

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

50. BRS violated 15 USC § 1692e(16) by sending form letters stating that it is a "credit reporting agency".

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act on Behalf on a Class Basis**

51. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

52. BRS violated 15 USC § 1692e(1) and 15 USC § 1692e(9) by sending letters stating

"DELIVERED BY FEDERAL MAIL CARRIER".

## JURY DEMAND

53. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

54. Plaintiff prays for the following relief:

    a.  For an order granting class certification;

    b.  For Judgment against Defendant for actual damages, statutory damages, and costs

        and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

By:    /s/ Mark T. Lavery             
One of Plaintiff's Attorneys

Date: December 30, 2013

Mark T. Lavery, Esq.
917 W. 18th Street, Suite 200

Chicago, IL  60608
312-508-5480
Mark@lifetimedebtsolutions.com